**In re E.S. BANKEST L.C., Debtor.**

**No. 04–17602–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 1, 2005.

Allison R. Day, Paul J. Battista, Genovese Joblove & Battista, P.A., Miami, FL, for Debtor.

John B. Hutton, Mark D. Bloom, Greenberg Traurig, P.A., Miami, FL, Steel Hector & Davis, for Creditor.

Paul Steven Singerman, Berger Singerman, Miami, FL, for Creditor.

### ORDER GRANTING MOTION TO DEEM CLAIM OF BDO SEIDMAN, LLP AS TIMELY FILED

("How the Grinch Stole the Courier Package")

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for hearing in Miami on January 26 and 27, 2005, upon the Motion to Deem Claim of BDO Seidman, LLP as Timely

Filed (C.P. No. 94). The Court having read and reviewed the Motion and Supplemental Memorandum in Support (C.P. No. 113), the Responses filed by Lewis B. Freeman ("Freeman"), in his capacity as Custodian excused from turnover with the rights, powers, duties and obligations of a debtor-in-possession (C.P. No. 111), and Banco Espirito Santo International, Ltd ("BESIL") (C.P. No. 114), the Reply Memorandum filed by BDO Seidman (C.P. No. 125), and the documents and exhibits of record, including papers on the official docket in this case and the related (and formerly jointly administered) case of *In re Bankest Capital Corporation*, Case No. 04–10941–BKC–AJC, of which the Court has taken judicial notice; considered the candor and demeanor of the witnesses and proffers of testimony and stipulations of counsel in respect thereof; heard the argument of counsel; and otherwise been duly advised in the premises, FINDS AND DE-TERMINES as follows:

> T'was the weekend before Christmas,
> All minds were on the season;
> T'was the last day to file a claim,
> And that was the reason.
> That Hutton told Thompson
> To file it today,
> And she set out to do so
> In the ordinary way.
> Ms. Thompson put the claim
> In the outgoing box;
> There is no dispute
> That box has no locks.
> At the end of the day,
> The claim was not there;
> It simply had vanished,
> Perhaps into thin air.
> Attorney Hutton went to Court
> Believing it was filed;
> As he gave opposing counsel copies,
> He smiled.
> But filed it was not,
> In the Court t'was not there;

> Yes, indeed, it had vanished,
> Perhaps into thin air.
> Did the courier take it,
> Or some other staff member?
> Oh, where did it go
> On that day in December?
> Learning where it went
> Was not a cinch,
> But the Court finally determined:
> It was stolen by the Grinch.
> All the testimony showed
> Excusable neglect,
> So the claim is deemed timely,
> That's *Pioneer's* effect.
> If that's not enough,
> There is Rule 5005(c),
> In the interest of justice,
> Let the claim be.
> In further remarks on the record
> To be made by the Court,
> An attempt will be made
> To give the ruling support.
> The motion is granted.
> That's all for today.
> Go ye and try
> To move this case on its way.

The Court further FINDS AND DE-TERMINES that there is no dispute as to the basic facts deemed relevant to this controversy. Attorney Hutton prepared and signed the Proof of Claim on behalf of BDO Seidman on December 22, 2004, and gave it to his secretary Ms. Thompson for filing with the Court. The Proof of Claim was placed in a courier box in the Office Services Department of Mr. Hutton's firm, while he proceeded to Court for afternoon hearings in this case. There is no dispute that the Proof of Claim was already in being, because at the conclusion of the hearing Mr. Hutton handed copies to opposing counsel for Freeman and BESIL well within the time for filing claims. There is also no question that a telephone call was made by Ms. Thompson to the

courier service to direct that the Proof of Claim be filed, as instructed by Mr. Hutton.

Upon review of the foregoing findings under the excusable neglect standard established by the United States Supreme Court in the case of *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court further FINDS AND DETERMINES that under the circumstances there was a lack of prejudice to the Debtor in the delayed filing of the Proof of Claim for three business days over the holiday weekend. There is also no showing of any laches or delay by BDO Seidman or its counsel in taking action to request that the Court deem the Proof of Claim timely filed. The reason for the delay in filing is the disappearance of the Proof of Claim on its way to the Courthouse, and the Court is satisfied that there was good faith in the matter. The Court can think of no devious reason why Mr. Hutton would have distributed copies of the Proof of Claim in Court, represented that the Proof of Claim was filed, and then purposely not file it until several days later. It makes no sense whatsoever to assume that there was some bad faith effort on the part of BDO Seidman or its counsel to delay the filing of the Proof of Claim.

In addition to the foregoing, the Court further FINDS AND DETERMINES that the BDO Seidman Proof of Claim should be deemed timely filed under the erroneous delivery doctrine embodied in Federal Rule of Bankruptcy Procedure 5005(c). The Court does not find on the basis of the evidence presented that the Proof of Claim rises to the level of an informal proof of claim, and accordingly denies relief on that ground.

Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Deem Claim of BDO Seidman, LLP as Timely Filed is GRANTED, and Proof of Claim No. 16 is deemed filed as of December 22, 2004, without prejudice to the right of any party in interest to object on a timely basis to that Claim under Section 502 of the Bankruptcy Code, 11 U.S.C. Section 502, or as otherwise may be permitted under the Bankruptcy Code and Rules.